UNITED STATES DISTRICT COURT

FOR THE DISTRICT EASTERN OF WASHINGTON

MARIZA SALAS,

                Petitioner,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

                Respondent.

Case No. 2:12-cv-05041-LMB

**MEMORANDUM DECISION AND
ORDER**

This action is before the Court on Petitioner Mariza Salas's Petition for Review
(Dkt. 5), seeking reversal of the Social Security Administration's final decision to deny
disability benefits, and the parties cross-motions for summary judgment. (Dkts. 15, 19).
This action is brought pursuant to 42 U.S.C. § 405(g).  After carefully reviewing the
record and otherwise being fully advised, the Court enters the following Memorandum
Decision and Order denying the relief sought in Salas's Petition for Review.

## ADMINISTRATIVE PROCEEDINGS

On October 30, 2009, Salas ("Petitioner" or "claimant") applied for Social
Security Disability Insurance Benefits, alleging a disability onset date of June 15, 2009,
when he was 32 years old.  (AR 157-60).  Petitioner claims disability from myotonia of
the hands and legs, degenerative disc disease, and adhesive capsulitis of the left shoulder.

MEMORANDUM DECISION AND ORDER - 1

(AR 179, and Petitioner's Brief, Dkt. 16 at 7).  Administrative Law Judge ("ALJ") Maria Palachuk conducted a video hearing on July 21, 2011, with Salas appearing from Kennewick, Washington and Palachuk presiding over the proceedings from Spokane, Washington.  At the hearing, Petitioner was represented by an attorney, David L. Lybbert. (AR 25) An impartial medical expert, Anthony E. Francis, MD, an impartial vocational expert, K. Diane Kramer, also appeared and testified.  Petitioner testified with the assistance of a Spanish interpreter.  (Id.).  At the time of the hearing, Petitioner had past relevant work as an agricultural worker, in the field and as a sorter, at the medium and light exertional levels respectively. (AR 73, 163-67).

On September 14, 2011, the ALJ issued her decision denying Petitioner's claim for disability.  (AR 25-34).  Petitioner timely requested review by the Appeals Council, which ultimately upheld the determination of the ALJ on March 21, 2012, making the denial the final determination of the Commissioner. (AR 1-4) In denying Petitioner's claim, the Commissioner determined that Petitioner was not disabled within the meaning of the Social Security Act.

## DISCUSSION

### A.    Standard of Review

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings as to any question of fact, if supported

substantial evidence, are conclusive.  42 U.S.C. § 405(g).  In other words, if there is

substantial evidence to support the ALJ's factual decisions, they must be upheld, even

when there is conflicting evidence.  *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d

1372, 1374 (9th Cir. 1979).

   "Substantial evidence" is defined as such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389,

401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of

Health & Human Servs*., 44 F.3d 1453, 1457 (9th Cir. 1995).  The standard requires more

than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112,

1119 n. 10 (9th Cir.1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and

"does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487

U.S. 552, 565 (1988).

   With respect to questions of fact, the role of the Court is to review the record as a

whole to determine whether it contains evidence that would allow a reasonable mind to

accept the conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *see also Matney*,

981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving

conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984),

resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95

(9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v.

Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Where the evidence is susceptible to more

than one rational interpretation in a disability proceeding, the reviewing court may not

substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.  *See id*.  However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

There are three issues presented in the instant appeal: 1) whether the AJL properly considered the medical evidence; 2) whether the ALJ's residual functional capacity determination is supported by the record; and 3) whether the AJL properly relied on the vocational expert, in light of Salas's specific functional limitations.

**B.    Administrative Procedure**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (*see* 20 C.F.R. §§ 404.1520, 416.920) - or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) - within the meaning of the Social Security Act.

### 1.    Five-Step Sequential Process

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). SGA is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe her physical/mental impairments are and regardless of her age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Petitioner had not engaged in SGA since June 15, 2009, the alleged onset date. (AR 27). Petitioner does not dispute this finding.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a

minimal effect on an individual's ability to work.  20 C.F.R. §§ 404.1521, 416.921.  If the

claimant does not have a severe medically determinable impairment or combination of

impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).

 At this step, the ALJ found that Petitioner had the following severe impairments:

hand myotonia, cervical spine strain, dorso-lumbar spine strain, and left shoulder

tendinitis.  (AR 27).  Petitioner disputes this finding, alleging that adhesive capsulitis

should have also been listed as a severe impairment – an alleged error she argues

demands remand.

 The third step requires the ALJ to determine the medical severity of any

impairments; that is, whether the claimant's impairments meet or equal a listed

impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R.

§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the answer is yes, the claimant is considered

disabled under the Social Security Act and benefits are awarded.  20 C.F.R. §§

404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal one of the

listed impairments, the claimant's case cannot be resolved at step three and the evaluation

proceeds to step four.  *Id.*

 Here, the ALJ concluded that Salas "does not have an impairment or combination

of impairments that meets or medically equals one of the listed impairments in 20 CFR

Part 404 Subpart P, Appendix 1."  (AR 16).  Salas argues that this determination in error

because it fails to properly consider the adhesive capsulitis, and the severity of her

impairments.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC represents their ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.  20 C.F.R. §§ 404.1545, 416.945.  Likewise, an individual's past relevant work is work performed within the last 15 years or 15 years prior to the date that disability must be established; also, the work must have lasted long enough for the claimant to learn to do the job and be engaged in substantial gainful activity.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

After considering the evidence in the administrative record and testimony, the ALJ determined that the Petitioner has the residual functional capacity to perform medium duty work, with some limitations.  (AR 28).  The ALJ further concluded based on the testimony the vocational expert, that Petitioner is able to perform past relevant work as a farm worker and sorter, thus ending the sequential process. (AR 28-34).

**B.    Analysis**

**1.    Weight of Medical Evidence**

In her application for benefits, Petitioner presented evidence Dr. David Gibbons, a treating physician.  Petitioner argues the ALJ improperly rejected the opinion of Dr. Gibbons that Petitioner be limited to less than sedentary exertion.  Petitioner argues that the ALJ relied too heavily on the opinions of Dr. Opera and Dr. Chau, who were merely examining physicians.  (Petitioner's Brief, Dkt. 1 at 9-10

Respondent contends that the ALJ did properly dismissed Dr. Gibbons's opinion because the opinion was contradicted by other physicians' opinions and objective evidence.  (Respondent's Brief, Dkt. 20 at 8-15).  Further, Respondent argues that the ALJ thoroughly and properly explained her evaluations of all the medical evidence, and analysis given, and treatment of the other doctors' testimony.  There is no dispute that Dr. Gibbons is a treating physician.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *See* 20 C.F.R. §§ 404.1502, 416.927; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Generally, the opinions of treating physicians are given greater weight than those of other physicians, as treating physicians have a greater opportunity to observe the claimant.  *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

While a treating physician's opinion is normally entitled to deference, it is not necessarily determinant as to the question of disability.  *Rodriguez v. Bowen*, 876 F.2d 759, 761–62 (9th Cir. 1989).  A lack of objective medical findings, treatment notes, and rationale to support a treating physician's opinion are all sufficient reasons for rejecting an opinion.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Nonetheless, an ALJ must provide "good reasons" to reject the opinion of a treating physician.

MEMORANDUM DECISION AND ORDER - 8

After reviewing the record and the files of Dr. Gibbons, the Court finds, and thus concludes, that the ALJ gave adequate reasons in discounting the opinion of Petitioner's treating doctor, Dr. Gibbons.  The ALJ provided a thorough analysis of Petitioner's medical records including interpretation, weight given and adequate support for those decisions.  The ALJ found that Gibbons' findings were not consistent with objective evidence, including an MRI of the left shoulder, imaging showing mild spinal degenerative conditions, no motor strength or sensory deficits, and no manipulative limitations in dexterity and grip tests.  Further, the ALJ found that Gibbons's determination regarding severity and adhesive capulitis were not consistent with opinions of medical expert Dr. Francis, and consultative examiners Dr. Opera, Dr. Chau, and the state agency medical consultants, whom all found claimant capable of working at a higher exertional level.  *Batson v. Commissioner of Social Security Administration,* 359 F.3d 1190, 1195 (9th Cir.2004) (noting that "an ALJ may discredit treating physicians' opinions that are … unsupported by the record as a whole, ... or by objective medical findings."). 20 C.F.R. § 404.1527(e)(1) (stating that a treating physician's opinion on the ultimate issue of disability is not binding on the Commissioner).

An ALJ satisfies the burden of providing specific, legitimate reasons to reject a controverted treating physician opinion where he or she sets out a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen,* 881 F.2d 747, 757 (9th Cir.1989).

A court must uphold the determination of the commissioner if the findings are "supported by inferences reasonably drawn from the record." *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is the case here, even when there is "more than one rational interpretation" of the evidence. *Id.* Here, the ALJ properly supported her findings, including adequate consideration of all medical evidence. Accordingly, the determination of the Commissioner will not be disturbed or overruled on this basis.

## 2.    Residual Functional Capacity Determination

Petitioner argues that the ALJ erred in the RFC finding by failing to consider all of Salas's impairments and limitations, the specific demands of her past relevant work as a farm worker, and the intersection of her impairments with those specific demands. She alleges that the ALJ did not properly consider a sedentary work restriction, thus eliminating her ability to return back to that past relevant work.

As discussed above, however, the ALJ did not err in her treatment of the opinion of Dr. Gibbons on which Salas's arguments are primarily premised. The ALJ considered her limitations, modifying her exertional level to postural and environmental restrictions. (AR 33-34). As the Ninth Circuit has held, the Court will not reverse where "the ALJ took into account those limitations for which there was record support that did not depend on [the claimant's] subjective complaints." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (upholding ALJ decision despite failure to perform function-by-function assessment and failure to consider drowsiness or reactions to stress); see also *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding that the ALJ

adequately captured limitations to "concentration, persistence, or pace" with a restriction to "simple tasks").

Put simply, the RFC finding by the ALJ is adequately supported by the record. Accordingly, it will not be disturbed on this appeal.

### 3.    Vocational Expert

Petitioner claims that the ALJ erred in failing to obtain relevant from the vocational expert because the ALJ assigned Petitioner a medium exertional level RFC, which she alleges does not reflect all of the claimant's limitations.

As previously discussed, however, the ALJ's RFC determination was adequately supported by evidence contained in the record.  Accordingly, the ALJ appropriately presented Petitioner's case to the vocational expert.  The expert properly evaluated the hypothetical, buttressing her conclusions with full explanations supported by evidence. Accordingly, the ALJ's reliance on the opinion of the vocational expert was proper and the determination of the Commissioner will not be disturbed on this ground.

### C.    Conclusion

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards. Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching her decision and the Commissioner's decision is upheld.

**ORDER**

Based on the foregoing, the decision of the Commissioner is affirmed; Petitioner's

Motion for Summary Judgment (Dkt. 16) is DENIED; Respondent's Motion for

Summary Judgment (Dkt. 20) is GRANTED; and this action is DISMISSED in its

entirety with prejudice.

DATED: January 3, 2014

Honorable Larry M. Boyle
U. S. Magistrate Judge